Case No. 25-6858

IN THE
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**MAXIMILIAN KLEIN, SARAH GRABERT, RACHEL BANKS KUPCHO**, on behalf of themselves and all others similarly situated,
PLAINTIFFS-APPELLANTS,

v.

**META PLATFORMS, INC.,**
DEFENDANT-APPELLEE

On Appeal from the United States District Court for the Northern District of California
Case No. 3:20-cv-08570-JD

**NON-PARTY SNAP INC.'S UNOPPOSED MOTION TO INTERVENE AND TO SEAL**

David O'Neil
**DEBEVOISE & PLIMPTON LLP**
801 Pennsylvania Avenue NW
Washington, DC 20004
(202) 383-8040
*Attorney for Non-Party Snap Inc.*

i

## CORPORATE DISCLOSURE STATEMENT

Non-party Snap Inc. ("Snap") is a publicly traded corporation and has no parent corporation. In November 2017, Tencent Holdings Limited informed Snap that it had purchased 10% or more of Snap's capital stock.

I.  **INTRODUCTION**

Pursuant to Federal Rule of Civil Procedure 24(a)(2) and Ninth Circuit Rule of Appellate Procedure 27-13(e), Snap submits this unopposed motion to intervene and to seal a small portion of a single document included in the Excerpts of Record Volume 4 filed concurrently with Appellants' Opening Brief (the "Opening Brief").  *See Klein v. Meta Platforms, Inc.*, No. 25-6858 (9th Cir. filed Feb. 19, 2026), Dkt. 16.  The narrowly tailored relief sought by Snap is necessary to maintain the confidentiality of non-public competitively sensitive business information (the "Confidential Information") contained in the Opening Brief.  Public disclosure would cause irreparable competitive harm by revealing Snap's proprietary, non-public business data and internal analyses.  Accordingly, Snap respectfully requests that this Court maintain the Confidential Information under seal, as identified below and described in the

accompanying Declaration of David O'Neil in Support of Motion to Intervene and Motion to Seal ("O'Neil Decl.").[1]

## II. PROCEDURAL HISTORY

On October 29, 2025, this appeal was docketed. *See Klein v. Meta Platforms, Inc.*, No. 25-6858 (9th Cir. filed Oct. 29, 2025), Dkt. 1. On February 19, 2026, Appellants filed their Opening Brief in two parts: one publicly filed and one filed under seal. *See id.*, Dkt. 12, 15.

The sealed portions of the Opening Brief cite to specific portions of the Excerpts of Record that contain Snap's Confidential Information. To date, the Confidential Information at issue here has remained under seal in the district court pursuant to a series of joint administrative motions to seal. *See, e.g.*,

---

[1] Snap submits this unopposed request to intervene as of right pursuant to Federal Rule of Civil Procedure 24(a)(2) so that it may file this motion to seal. An intervenor must show that its motion is "timely," that it has a "significantly protectable interest relating to the subject of the action," that it is "so situated that the disposition of the action may as a practical matter impair or impede its ability to protect that interest," and its interest is "inadequately represented by the parties to the action." *See Kalbers v. United States Dep't of Just.*, 22 F.4th 816, 822 (9th Cir. 2021) (internal quotations omitted). Snap meets all criterion. *See* O'Neil Decl. at ¶¶ 6–10. As outlined in greater detail below, Snap's privacy interests are directly threatened by the possibility of this Court unsealing the Confidential Information. In order to protect its interests, Snap respectfully requests that this Court grant its motion to intervene.

2

*Klein v. Meta Platforms, Inc.*, No. 3:20-cv-08570-JD (N.D. Cal. filed Dec. 3, 2020), Dkt. 866. The district court later provisionally granted sealing requests that included this same Confidential Information. *See id.*, Dkt. 999 (granting sealing requests including Dkt. 975). Neither Appellants nor Appellee Meta Platforms, Inc. oppose Snap's motion to intervene and to seal the Confidential Information.

### III. LEGAL STANDARD

Courts recognize a "general right to inspect and copy public records and documents, including judicial records and documents." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) (citation omitted). Although there is a strong presumption in favor of access to court records, that presumption is not absolute. *See id.*

In determining the applicable sealing standard, courts should not apply a mechanical distinction between "dispositive" and "non-dispositive" filings. *Id.* at 1098–1101. Rather, the inquiry turns on whether the filing before the Court is "more than tangentially related to the underlying cause of action." *Id.* at 1099; *see also Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1212–13 (9th Cir. 2002); *Kamakana v. City and County of*

3

*Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). If so, the "compelling reasons" standard applies. *Chrysler Grp., LLC*, 809 F.3d at 1101.

Under the compelling reasons standard, a party seeking to seal a judicial record must articulate "compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure." *Kamakana*, 447 F.3d at 1178–79. Under this standard, "a court may seal records only when it finds a compelling reason and articulates the factual basis for its ruling, without relying on hypothesis or conjecture." *Chrysler Grp., LLC*, 809 F.3d at 1096–97 (internal quotation marks omitted). The court must then balance the public's interest in access against the interests favoring confidentiality. *See id.* at 1097.

The Ninth Circuit has recognized that commercially sensitive business information constitutes a compelling reason to seal judicial records, including "sources of business information that might harm a litigant's competitive standing." *Id.* (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598–99 (1978)); *see also In re Elec. Arts, Inc.,* 298 F. App'x 568, 569 (9th Cir. 2008) (citing *Nixon,* 435 U.S. at 598) (the "common law right of inspection has bowed before the power of a court to insure that its records are not used. . . as sources of business information that might harm a litigant's competitive

4

standing."). Further, courts often seek to protect the privacy interests of non-parties, who can demonstrate "'compelling reasons' where they seek to seal information that 'plainly falls within the definition of 'trade secrets.'" *In re Elec. Arts, Inc.*, 298 F. App'x at 569 (citing *Kamakana,* 447 F.3d at 1179); *see also Fed. Trade Comm'n v. Qualcomm Inc.*, No. 17-CV-00220-LHK, 2018 WL 6615298, at *3 (N.D. Cal. Dec. 17, 2018) (finding that compelling reasons existed to seal "competitively sensitive business information" where several non-parties sought to seal such information).

Pursuant to Ninth Circuit Rule 27-13(e), a party who wishes to submit any portion of a document, including a brief, under seal, shall file a motion simultaneously with the document outlining the "specific reasons for this relief and describe the potential for irreparable injury in the absence of such relief." Additionally, the motion shall request "the least restrictive scope of sealing and be limited" to only the specific portions of the document that merit sealing, for example, redaction of a "single paragraph." *Id.*

IV.  **ARGUMENT**

Snap seeks to seal the limited portions of the Excerpts of Record identified below because they contain proprietary, non-public business

5

information, the disclosure of which would cause irreparable competitive harm.

| Document | Page | Proposed Redaction of Confidential Information |
|---|---|---|
| Excerpts of Record (Vol. 4) | 4-ER-785, n.568 | Redact text after "An August 2016 survey of Snapchat users found that…," until the citation. |
| | 4-ER-788 | Redact the rows pertaining to Snapchat, except for the columns "App" and "Parent company." |
| | 4-ER-788 | Redact text after "Additionally, an internal document from Snapchat explains that users spend about…" |
| | 4-ER-788, n.576 | Redact the parenthetical description in footnote 576. |

There are compelling reasons to keep Snap's Confidential Information under seal. Although the requested relief is narrow, public disclosure would cause irreparable injury and place Snap at a competitive disadvantage. The Court should accordingly grant Snap's unopposed motion to seal.

### A. There are Compelling Reasons to Keep Snap's Confidential Information Under Seal.

Snap seeks to seal only the limited portions of the Excerpts of Record identified in the table above that contain Snap's Confidential Information. Disclosure of that information would cause irreparable competitive harm. These portions contain confidential information about Snap's internal research and analyses on how Snap users use and interact with its products.

The data and research contained in the Confidential Information relate to Snap's proprietary, non-public methods and processes to track and collect information about its users, as well as granular details about Snapchat users' behavior. This information is used by Snap to analyze its products and services, develop new products and services, and anticipate changes in the markets for advertising and attention platforms. Snap treats this data and analysis as strictly confidential and has never allowed for its disclosure. If disclosed, competitors could use such data to Snap's competitive disadvantage.

This Court has found that sealing of this type of confidential business information is warranted under the compelling reasons standard. For example, in *In re Elec. Arts, Inc.*, a non-party, Electronic Arts ("EA"), appealed the trial court's denial of its motion to seal confidential pricing information. *See In re Elec. Arts, Inc.,* 298 F. App'x at 569. On appeal, this Court granted the petition and directed the district court to seal the material. *Id.* EA sought to seal pricing terms, royalty rates, and payment terms found in a licensing agreement, which this Court held is "the precise sort of information" that "might harm a litigant's competitive standing." *See id.* (citing *Nixon*, 435 U.S. at 598). This Court further explained that such

7

information "plainly falls within the definition of trade secrets," which includes "any formula, pattern, device or compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it." *Id.* (citing Restatement (First) of Torts § 757, cmt. b (AM. L. INST. 1939)).

Courts likewise have recognized compelling reasons to seal non-public financial, pricing, strategy, customer research, and business-decision making information where disclosure would provide competitors insight into a company's proprietary operations and competitive positioning. *See Monster Energy Co. v. Vital Pharmaceuticals, Inc.*, 2019 WL 3099711, at *2 (C.D. Cal. June 17, 2019) (recognizing that "non-public financial, pricing, and strategy information could harm litigants' competitive standing"); *Rodman v. Safeway Inc.*, 2015 WL 13673842, at *2 (N.D. Cal. Aug. 4, 2015) (finding compelling reasons to seal non-public information discussing pricing strategy, business decision-making, customer research, and financial records).

The Confidential Information at issue here fits squarely within this precedent. Snap is a non-party to this litigation that produced highly confidential materials in response to discovery requests and subpoenas, with which it has fully complied. The identified portions of the Excerpts of Record

8

contain proprietary, non-public business data and internal analyses that Snap does not publicly disclose. *See* O'Neil Decl. at ¶ 4. Disclosure would provide competitors insight into Snap's business model, strategies, and practices, causing irreparable competitive harm and placing Snap at a competitive disadvantage. *See id.* As in *In re Elec. Arts, Inc.*, the compilation of that information, and Snap's maintenance of that information as highly confidential, demonstrate that it "plainly falls within the definition of trade secrets," the disclosure of which would harm Snap's competitive standing. 298 F. App'x at 569. Accordingly, compelling reasons support maintaining the Confidential Information under seal.

### B. Snap's Request is Narrowly Tailored

While Appellants' Opening Brief cites to multiple documents within the Excerpts of Record containing Snap's Confidential Information, Snap seeks to seal only the limited portions of a single document identified in the table above. Those redactions constitute only a small fraction of the Excerpts of Record filed by Appellants, which span hundreds, if not thousands, of pages. Snap's request is therefore narrowly tailored as required by the Ninth Circuit's local rules and provides the least restrictive means of protecting Snap's confidential business information. *See* 9th Cir. R. 27-13(e) (providing

9

examples of the "least restrictive scope of sealing," including "propos[ing] redaction of a single paragraph or limit[ing] the request to a portion of a [document]").

## V.  CONCLUSION

For the foregoing reasons, Snap respectfully requests that the Court grant its motion to intervene and to maintain the Confidential Information in the Opening Brief under seal.

Dated:  March 12, 2026

                               DEBEVOISE & PLIMPTON LLP

                               By: */s/* David O'Neil
                                      David O'Neil
                                      (daoneil@debevoise.com)
                                      801 Pennsylvania Avenue NW
                                      Washington, DC 20004
                                      (202) 383-8040

                                      *Attorney for Non-Party Snap Inc.*

# CERTIFICATE OF SERVICE

I hereby certify that on March 12, 2026, the foregoing document was served on counsel for Meta Platforms, Inc. and Appellants via electronic mail at the following email addresses with counsel's consent:

<u>Counsel for Appellants</u>:

Steve Berman: steve@hbsslaw.com
Shana Scarlett: shanas@hbsslaw.com
W. Joseph Bruckner: wjbruckner@locklaw.com
Kevin Teruya: kevinteruya@quinnemanuel.com
Adam Wolfson: adamwolfson@quinnemanuel.com
Sanford Ian Weisburst: sandyweisburst@quinnemanuel.com
Brantley Pepperman: brantleypepperman@gmail.com


<u>Counsel for Meta Platforms, Inc.</u>:

Sonal Naresh Mehta: sonal.mehta@wilmerhale.com
David Gringer: david.gringer@wilmerhale.com
Aaron Martin Panner: apanner@kellogghansen.com



<u>/s/ David O'Neil</u>
David O'Neil
daoneil@debevoise.com

11

## **CERTIFICATE OF COMPLIANCE**

This document complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman font.

This document contains 1,846 words, which complies with the word limit of Ninth Circuit Rule 32-1.

*/s/* David O'Neil
David O'Neil