DAVID O'NEIL
DEBEVOISE & PLIMPTON LLP
801 Pennsylvania Avenue NW
Washington, DC 20004
(202) 383-8040
daoneil@debevoise.com

Attorney for Non-Party Snap Inc.

## UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

| | |
|---|---|
| MAXIMILIAN KLEIN, et al., on behalf of themselves and all others similarly situated,<br><br>        Plaintiffs-Appellants,<br><br>   v.<br><br>META PLATFORMS, INC., a Delaware Corporation,<br><br>        Defendant-Appellee. | Case No. 25-6858<br><br>**DECLARATION OF DAVID O'NEIL IN SUPPORT OF UNOPPOSED MOTION TO INTERVENE AND MOTION TO SEAL** |

I, David O'Neil, declare as follows:

1. I am an attorney at Debevoise & Plimpton LLP, and am counsel for Non-Party Snap Inc. ("Snap") in the above-captioned matter. I submit this Declaration in support of Snap's Motion to Intervene and to Seal (the "Motion"). I have personal knowledge of the facts set forth herein and am competent to testify thereto if called as a witness.

2. Appellants and Meta Platforms Inc. ("Meta") do not oppose the Motion.

3. On October 29, 2025, this appeal was docketed. *See Klein v. Meta Platforms, Inc.*, No. 25-6858 (9th Cir. filed Oct. 29, 2025), Dkt. 1. On February 19, 2026, Appellants filed their Opening Brief in two parts: one publicly filed and one filed under seal. *See id.*, Dkt. 12, 15. The sealed part of the Opening Brief cites to portions of the Excerpts of Record Volume 4 that contain Snap's non-public competitively sensitive business information (the "Confidential Information").

4. The data and research contained in the Confidential Information relate to Snap's proprietary, non-public methods and processes to track and collect information about its users, as well as granular details about Snapchat users' behavior. This information is used by Snap to analyze its products and

1

services, develop new products and services, and anticipate changes in the markets for advertising and attention platforms. Snap treats this data and analysis as strictly confidential and has never allowed for its disclosure. If disclosed, competitors could use such data to Snap's competitive disadvantage.

5. Absent an order from the Court sealing this information, the Confidential Information will be filed publicly. As described below, Snap has identified a small portion of a single document that contains commercially sensitive business information and is accordingly moving to intervene so that it can maintain its privacy interest in the Confidential Information through its motion to seal the Confidential Information.

6. Snap is entitled to intervene in this matter as of right pursuant to Federal Rule of Civil Procedure 24(a)(2), as its motion is "timely," it has a "significantly protectable interest relating to the subject of the action," it is "so situated that the disposition of the action may as a practical matter impair or impede its ability to protect that interest," and its interest is "inadequately represented by the parties to the action." *See Kalbers v. United States Dep't of Just.*, 22 F.4th 816, 822 (9th Cir. 2021) (internal quotations omitted).

7. Snap's motion to intervene is timely. Delay is measured from the

date the proposed intervenor should have been aware that its interests would no longer be protected by the parties, which in this case, was the filing of the Opening Brief. *See id.* at 823. For that same reason, there is no prejudice posed by Snap's motion. *See id.* at 825. Further, the stage of proceeding favors intervention, as a "change in circumstances occur[ed]," which is "the major reason for the motion to intervene." *Id.* at 827 (quoting *Smith v. Los Angeles Unified Sch. Dist.*, 830 F.3d 843, 854 (9th Cir. 2016). Because Snap's rights will not be protected in this Court absent its intervention, this factor favors intervention.

8. Snap has a significant protectable interest in the action because it asserts a privacy interest protected under law and there is a relationship between that privacy interest and Appellants' claim. *See id.* at 827. Specifically, in the Excerpts of Record Volume 4 filed concurrently with Appellants' Opening Brief, Appellants rely on Snap's highly confidential business information and trade secrets to support their claims against Meta.

9. Snap's ability to protect its privacy interests will be impeded if this Court does not allow it to intervene and move to seal its confidential information. Indeed, pursuant to Ninth Circuit Rule 27-13(g), absent a motion or notice to seal, the records may be unsealed without notice and the records

3

will be made available to the public.

10. Finally, intervention is appropriate where the existing parties "may not represent [a non-party's] interests adequately." *See id.* at 828. This is particularly true where there is a non-party like Snap that is "uniquely well-positioned to explain the commercial significance of the documents" at issue, and where the existing parties to the case "may not." *See id.* That is plainly the case here, where the parties to the litigation have no independent interest in protecting Snap's Confidential Information.

11. Pursuant to Ninth Circuit Rule 27-13(e), a party seeking to maintain material under seal must describe the specific reasons for sealing and the potential for irreparable injury in the absence of such relief. This Declaration sets forth the factual basis supporting Snap's request to maintain the identified portions of the Excerpts of Record under seal.

12. The document at issue consists of excerpts from the Merits Expert Report of Joseph Farrell, filed in connection with the same Opening Brief (Dkt. 16, 4-ER-775).

13. Snap respectfully requests that the Court maintain the sealing of the limited portions of this document identified herein, as it contains competitively sensitive business information and thus presents compelling

reasons warranting continued sealing. Snap's proposed redactions are narrowly tailored to protect only information that, if publicly disclosed, would cause specific competitive harm to Snap. An excerpt of the document containing the Confidential Information at issue is attached to this Declaration and filed under seal with the requested redactions indicated by red boxes. A summary of the competitively sensitive information Snap seeks to seal is provided in the chart below:

| Decl. Ex. | Document | Portions to be Filed Under Seal | Reason for Sealing |
|---|---|---|---|
| 1 | Excerpts from Merits Expert Report of Joseph Farrell (Dkt. 16, 4-ER-775) | Portions with red boxes. | ███████████████████ |

5

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 12th day of March, 2026, in Washington, D.C.


By: /s/ David O'Neil
David O'Neil


6