GAFNI & LEVIN LLP
Adam I. Gafni (State Bar No. 230045)
11811 San Vicente Blvd.
Los Angeles, California 90049
Telephone: (424) 744-8344
Email: adam@gafnilaw.com

Stuart L. Pardau, Esq. (SBN 1061174)
*Admission to 9th Cir. Pending*
THE LAW OFFICES OF STUART L. PARDAU AND ASSOCIATES
7140 Mandarin Drive
Boca Raton, FL 33433-7412
Tel: 310-948-0861; 310-445-6464
Email: stuart@pardaulaw.com

Attorneys for Luth Research LLC

# UNITED STATES COURT OF APPEALS

## FOR THE NINTH CIRCUIT

| | |
|---|---|
| MAXIMILIAN KLEIN et al., | Case No. 25-6858 |
| Plaintiffs-Appellants, | District Court Case No. 3:20-cv-08570-JD |
| vs. | **NON-PARTY LUTH RESEARCH LLC'S MOTION FOR LEAVE TO INTERVENE FOR THE LIMITED PURPOSE OF MAINTAINING CONFIDENTIAL MATERIALS UNDER SEAL AND MOTION TO MAINTAIN MATERIALS UNDER SEAL** |
| META PLATFORMS, INC., | |
| Defendant-Appellee. | |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that Non-Party Luth Research LLC ("Luth") hereby moves for leave to intervene in this appeal for the limited purpose of protecting its confidential, proprietary, and competitively sensitive business

-1-

information that has been filed under provisional seal in connection with Defendant-Appellee Meta Platforms, Inc.'s opposition to Plaintiffs-Appellants' opening brief.

Luth further moves, pursuant to Federal Rule of Appellate Procedure 27 and Ninth Circuit Rule 27-13, for an order maintaining under seal the portions of the appellate record and/or excerpts of record that contain or quote Luth's confidential business information, including the materials identified by Meta Platforms, Inc. in its April 22, 2026 notice of filing under provisional seal.

This motion is based on this Notice, the accompanying Memorandum of Points and Authorities, the Declaration of Stuart L. Pardau, Esq., the pleadings and records in this action, the materials filed under provisional seal, and any further argument or evidence the Court may consider.

Luth does not seek to seal more than necessary. Its request is limited to the specific portions of the appellate materials that disclose, quote, summarize, or reveal Luth's confidential and proprietary business information, including information concerning Luth's data collection products, business model, internal operations, product functionality, customer- and panel-related practices, and competitively sensitive commercial information.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Non-Party Luth Research LLC respectfully moves to intervene for the limited purpose of maintaining under seal certain confidential materials filed in this appeal. The materials at issue contain Luth's highly confidential, proprietary, and competitively sensitive business information. They were produced in the underlying district court litigation subject to confidentiality protections, were previously treated as confidential in the district court, and have now been filed in the Ninth Circuit under provisional seal.

-2-

NON-PARTY LUTH RESEARCH LLC'S MOTION FOR LEAVE TO INTERVENE FOR THE LIMITED PURPOSE OF MAINTAINING CONFIDENTIAL MATERIALS UNDER SEAL AND MOTION TO MAINTAIN MATERIALS UNDER SEAL

This motion is necessary because the Ninth Circuit's sealing rules require a party or affected non-party seeking continued sealing to make its own showing that sealing remains warranted. Meta has notified Luth that certain materials containing Luth confidential information were filed under provisional seal in connection with Meta's appellate opposition papers, and that absent a timely motion, those materials may be unsealed.

The materials at issue include discussion of Luth's proprietary research offerings and, specifically, its SavvyConnect-related business information. The provisionally sealed excerpts include descriptions of Luth's services, including the nature and operation of passive data collection, cross-device measurement, location-related functionality, survey and panel operations, consumer incentives, and categories of tracked data. This is not generic public-facing marketing language. The excerpts include information drawn from confidential discovery materials, internal business documents, and expert analysis concerning Luth's products and operations.

Public disclosure of this information would harm Luth by revealing confidential details about its product architecture, commercial model, panel operations, data collection methods, compensation structures, and business practices to competitors, customers, vendors, litigants, and other third parties. This information has independent competitive value because it reflects how Luth designs, operates, markets, and monetizes its research products. Once disclosed publicly, that confidentiality cannot be restored.

The requested relief is narrow. Luth does not seek to seal the entire appeal, the parties' briefs, or any materials unrelated to Luth. Luth seeks only to maintain under seal those portions of the record that reveal Luth's confidential information. This targeted sealing is consistent with Ninth Circuit Rule 27-13 and Ninth Circuit precedent recognizing that trade secrets and confidential business information may justify sealing where disclosure would cause competitive harm.

NON-PARTY LUTH RESEARCH LLC'S MOTION FOR LEAVE TO INTERVENE FOR THE LIMITED PURPOSE OF MAINTAINING CONFIDENTIAL MATERIALS UNDER SEAL AND MOTION TO MAINTAIN MATERIALS UNDER SEAL

Accordingly, Luth respectfully requests that the Court grant this motion and order that the identified Luth confidential materials remain under seal.

## II. RELEVANT BACKGROUND

This appeal arises from Klein v. Meta Platforms, Inc., Ninth Circuit Case No. 25-6858, from the United States District Court for the Northern District of California, Case No. 3:20-cv-08570-JD. On or about April 22, 2026, counsel for Meta notified Luth that certain Luth confidential information had been filed under provisional seal in this appeal and that, under Ninth Circuit Rule 27-13, Luth must file its own motion within 21 days to maintain that information under seal.

Luth is not a party to the litigation between Plaintiffs-Appellants and Meta. However, Luth produced or otherwise had its confidential information used in the underlying proceedings, including information related to Luth's research products and services. The relevant materials were treated as confidential in the district court proceedings.

The provisionally sealed materials include excerpts from Meta's opposition papers and expert materials that discuss Luth Research LLC and SavvyConnect-related confidential business information. Those materials reference Luth Research and SavvyConnect and include discussion of Luth's products, business operations, data collection functionality, types of information collected, and consumer compensation structure. The excerpts are marked "Filed Under Seal" and/or "Highly Confidential," and substantial portions are redacted, reflecting the sensitive nature of the material.

Luth now moves promptly to protect its confidential information from public disclosure.

## III. LUTH SHOULD BE PERMITTED TO INTERVENE FOR THE LIMITED PURPOSE OF PROTECTING ITS CONFIDENTIAL INFORMATION

-4-

A non-party may intervene for the limited purpose of protecting confidential information implicated by litigation filings. Courts routinely permit intervention where a non-party has a direct interest in documents filed in litigation and where disclosure may impair the non-party's ability to protect its confidentiality interests.

Luth satisfies that standard here. Luth has a direct and substantial interest in the materials at issue because they contain Luth's confidential and proprietary business information. Luth's interest is not adequately represented by the existing parties. Plaintiffs-Appellants and Meta are litigating their own dispute; neither is positioned to speak for Luth's business, confidentiality, competitive-harm, or trade-secret interests. Indeed, Meta's notice expressly informed Luth that if Luth seeks continued sealing, Luth must file its own motion.

Limited intervention will not delay or disrupt this appeal. Luth seeks no role in the merits. It does not seek to brief class certification, liability, damages, or any merits issue between the parties. Its intervention is confined to one collateral matter: maintaining the confidentiality of specific Luth information filed under provisional seal.

Because Luth has a protectable interest in the confidentiality of its business information, and because that interest may be impaired absent intervention, the Court should grant Luth leave to intervene for this limited purpose.

## IV. LEGAL STANDARD FOR MAINTAINING MATERIALS UNDER SEAL

Ninth Circuit Rule 27-13 recognizes a strong presumption of public access to appellate filings, but that presumption is not absolute. A party or non-party seeking to maintain a document under seal must provide specific reasons for sealing and describe the potential injury that would result from disclosure.

Where materials relate to the merits, the Ninth Circuit generally requires "compelling reasons" to maintain judicial records under seal. ***Kamakana v. City &***

NON-PARTY LUTH RESEARCH LLC'S MOTION FOR LEAVE TO INTERVENE FOR THE LIMITED PURPOSE OF MAINTAINING CONFIDENTIAL MATERIALS UNDER SEAL AND MOTION TO MAINTAIN MATERIALS UNDER SEAL

*County of Honolulu*, 447 F.3d 1172, 1178–79 (9th Cir. 2006). Compelling reasons may exist where court records could be used to release trade secrets, confidential business information, or information that could cause competitive harm. *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598 (1978); *In re Electronic Arts, Inc.*, 298 F. App'x 568, 569–70 (9th Cir. 2008).

The Ninth Circuit has recognized that confidential business information, including licensing terms, pricing, royalties, product information, and commercially sensitive business practices, may justify sealing where public disclosure would harm a company's competitive standing. Courts also require sealing requests to be narrowly tailored so that only genuinely confidential material is withheld from public access.

Luth's request satisfies these standards.

## V. COMPELLING REASONS SUPPORT MAINTAINING THE LUTH MATERIALS UNDER SEAL

### A. The Materials Contain Luth's Confidential and Proprietary Business Information

The materials at issue contain non-public information concerning Luth's research products, including SavvyConnect, and its business operations. The sealed excerpts discuss Luth's data collection services, the nature of information collected, cross-device functionality, location-related capabilities, survey and panel operations, and consumer compensation practices.

This information is commercially sensitive because it concerns how Luth structures and operates its research services. Luth competes in a market where product design, data collection methods, panel management, incentive structures, operational processes, and customer-facing capabilities are important sources of competitive differentiation. Disclosure of these details would provide competitors

-6-

and other third parties with insight into Luth's internal business model and product operations.

The information is also sensitive because it concerns the manner in which Luth's services collect, process, and use data for research purposes. Public disclosure outside the context of the protective order could cause competitive and business harm by revealing details that competitors could use to mimic, attack, or undermine Luth's offerings.

**B. Disclosure Would Cause Competitive and Irreparable Harm**

If unsealed, Luth's confidential information would become publicly available through the appellate docket. That disclosure would be irreversible. Competitors, customers, vendors, consultants, litigants, and other third parties could access and use the information for purposes unrelated to this litigation.

The likely harm includes, but is not limited to:

First, competitors could use the information to better understand and replicate Luth's product features, data collection model, panel operations, and compensation practices.

Second, disclosure could undermine Luth's commercial relationships by revealing sensitive details about its services and operations outside the controlled context in which those materials were produced.

Third, disclosure could give competitors or counterparties unfair leverage in commercial negotiations by exposing information that Luth does not publicly disclose.

Fourth, public dissemination could create business and reputational harm by presenting confidential technical or operational information without the full business, contractual, and compliance context in which Luth's products operate.

These harms are not speculative. The materials concern the mechanics and commercial details of Luth's business. Once public, the information could not be

NON-PARTY LUTH RESEARCH LLC'S MOTION FOR LEAVE TO INTERVENE FOR THE LIMITED PURPOSE OF MAINTAINING CONFIDENTIAL MATERIALS UNDER SEAL AND MOTION TO MAINTAIN MATERIALS UNDER SEAL

made confidential again. That risk constitutes a compelling reason for continued sealing.

**C. The Materials Were Produced and Used Subject to Confidentiality Protections**

The materials at issue were furnished in the underlying district court proceeding and treated as confidential. The excerpts themselves are marked "Filed Under Seal" and "Highly Confidential," and the documents contain extensive redactions. Luth relied on confidentiality protections when its information was produced and used in the litigation.

While a protective order alone does not automatically justify sealing on appeal, the prior confidential treatment confirms that the information has consistently been understood to be sensitive. Luth now provides the additional showing required by Ninth Circuit Rule 27-13: the information is proprietary, its public disclosure would cause competitive harm, and no less restrictive alternative would adequately protect Luth's interests.

**VI. THE REQUEST IS NARROWLY TAILORED**

Luth seeks continued sealing only of the portions of the appellate record that disclose, quote, summarize, or reveal Luth's confidential information. Luth does not seek to seal the entire appellate record, the parties' legal arguments wholesale, or any materials unrelated to Luth.

Instead, Luth seeks continued sealing only of the specific portions of the record that reveal, quote, summarize, or materially discuss Luth's confidential business information, including the Luth-related portions concerning Luth Research, SavvyConnect, Luth's data collection services, categories of tracked data, consumer incentives, and related proprietary business operations.

To the extent the Court determines that further public access is required, Luth respectfully requests that the Court permit the filing of appropriately redacted public

NON-PARTY LUTH RESEARCH LLC'S MOTION FOR LEAVE TO INTERVENE FOR THE LIMITED PURPOSE OF MAINTAINING CONFIDENTIAL MATERIALS UNDER SEAL AND MOTION TO MAINTAIN MATERIALS UNDER SEAL

versions that preserve public access to non-confidential material while maintaining under seal the confidential Luth information. That approach would be the least restrictive means of protecting Luth's confidentiality interests.

## VII. NO LESS RESTRICTIVE ALTERNATIVE WOULD ADEQUATELY PROTECT LUTH'S INTERESTS

No less restrictive alternative would adequately protect Luth's confidential information. Once the confidential portions are publicly filed, the harm cannot be undone. Redaction or continued sealing of the specific Luth-related portions is necessary to prevent disclosure of proprietary business information.

A public filing with targeted redactions would preserve the public's ability to understand the appeal while protecting Luth from the competitive harm that would result from disclosure of its confidential information. By contrast, wholesale unsealing would unnecessarily expose non-party business information that is collateral to the merits of the appeal and not needed for public understanding of the legal issues presented.

## VIII. META DOES NOT OPPOSE LUTH'S REQUEST

Meta's April 22, 2026 notice advised Luth that the relevant information was filed under provisional seal and that all of the provisionally sealed Luth information had been the subject of a previous sealing motion in the district court. Meta further stated that, to the extent Luth files a motion to maintain all or part of the information under seal, Meta will not oppose that request.

Although Meta's non-opposition is not dispositive, it confirms that the filing party does not object to continued protection of Luth's confidential information.

## IX. CONCLUSION

For the foregoing reasons, Non-Party Luth Research LLC respectfully requests that the Court:

-9-

NON-PARTY LUTH RESEARCH LLC'S MOTION FOR LEAVE TO INTERVENE FOR THE LIMITED PURPOSE OF MAINTAINING CONFIDENTIAL MATERIALS UNDER SEAL AND MOTION TO MAINTAIN MATERIALS UNDER SEAL

1. grant Luth leave to intervene for the limited purpose of protecting its confidential information filed under provisional seal in this appeal;

2. order that the Luth confidential materials identified in Meta's April 22, 2026 notice and filed under provisional seal remain under seal;

3. direct that any public versions of the relevant filings redact the portions that disclose, quote, summarize, or reveal Luth's confidential business information; and

4. grant such further relief as the Court deems just and proper.

Respectfully submitted,

Dated: May 12, 2026

/s/Adam I. Gafni_____

Adam I. Gafni

Attorney for Non-Party Luth Research LLC

-10-

_____

NON-PARTY LUTH RESEARCH LLC'S MOTION FOR LEAVE TO INTERVENE FOR THE LIMITED PURPOSE OF MAINTAINING CONFIDENTIAL MATERIALS UNDER SEAL AND MOTION TO MAINTAIN MATERIALS UNDER SEAL

CERTIFICATE OF COMPLIANCE

I certify that this motion complies with the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2) because it contains 2232 words, excluding the portions exempted by Federal Rule of Appellate Procedure 32(f).

This motion also complies with the typeface and type-style requirements of Federal Rules of Appellate Procedure 27(d)(1)(E) and 32(a)(5)–(6) because it has been prepared in a proportionally spaced typeface using in 14-point Times New Roman font.

CERTIFICATE OF SERVICE

I hereby certify that on May 12, 2026, I electronically filed the foregoing Non-Party Luth Research LLC's Motion for Leave to Intervene for the Limited Purpose of Maintaining Confidential Materials Under Seal and Motion to Maintain Materials Under Seal with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit using the appellate CM/ECF system.

I certify that all participants in this case who are registered CM/ECF users will be served by the appellate CM/ECF system.

Dated: May 12, 2026

/s/Adam I. Gafni_____
Adam I. Gafni
Attorney for Non-Party Luth Research LLC

-11-

NON-PARTY LUTH RESEARCH LLC'S MOTION FOR LEAVE TO INTERVENE FOR THE LIMITED PURPOSE OF MAINTAINING CONFIDENTIAL MATERIALS UNDER SEAL AND MOTION TO MAINTAIN MATERIALS UNDER SEAL