quinn emanuel trial lawyers | new york
295 5th Avenue, New York, New York 10016-7103 | TEL (212) 849-7000 FAX (212) 849-7100

WRITER'S DIRECT DIAL NO.
**(212) 849-7170**

WRITER'S EMAIL ADDRESS
**sandyweisburst@quinnemanuel.com**

November 13, 2026

VIA ACMS
Molly Dwyer
Clerk of Court
U.S. Court of Appeals for the Ninth Circuit
James R. Browning Courthouse
95 Seventh Street
San Francisco, CA 94103

Re: *Klein, et al v. Meta Platforms, Inc.*, No. 25-6858; Fed. R. App. P. 28(j) Letter

Dear Ms. Dwyer:

Plaintiffs-Appellants respectfully submit *In re National Football League's "Sunday Ticket" Antitrust Litigation*, ---F.4th----, 2026 WL 3266788 (9th Cir. Oct. 30, 2026) ("*NFL*" or "*_"), which reversed a district court's exclusion of plaintiff expert opinions and grant of judgment to the defendant.

In *NFL*, Defendant NFL unlawfully raised the price of its "Sunday Ticket" package of games from outside a viewer's local market; the but-for world was one where the NFL did not do so. *4. To describe the but-for world, plaintiffs' expert Dr. Rascher looked to college football, where no single entity controls all teams' broadcast rights. *7-*8.

The *NFL* district court's and NFL's arguments to exclude Dr. Rascher are nearly identical to those the district court adopted to exclude Dr. Economides here:

*First*, "NFL itself considered distributing out-of-market games at no extra charge based, in part, on its own comparisons with college football." *7. NFL sought to diminish this as a "brainstorming document" it "did not seriously consider adopting." Dkt. 179.1 at 10. This Court disagreed, reasoning that "if an expert presents a sufficient factual foundation for using a comparator, then it is for the jury to weigh whether the comparator is similar enough to use as a yardstick." *8. This Court should therefore reject the district court's similar finding here (in place of a jury) that Meta's deliberations whether to compensate users for data were "trial balloons that never ripened into serious proposals." 1-ER-21; Blue Br. 33-38; Gray Br. 12-17.

*Second*, the *NFL* district court held that "there were too many differences between college football and the NFL." *8. This Court reversed, holding that whether college football "properly compares to the relevant [NFL] market presents a question of fact for the jury," even despite "very significant differences." *Id.* The district court here similarly improperly found (in place of a jury) that Dr. Economides' reliance on payments for data in the market-research context was inapt because "outside the context of Facebook's social-networking services, … Meta is not already 'bartering' for user data with Facebook's services and the quality thereof." 1-ER-21; Blue Br. 38-43; Gray Br. 17-20.

Respectfully submitted,

*s/ Sanford I. Weisburst*

Sanford I. Weisburst

Encl.: *In re National Football League's "Sunday Ticket" Antitrust Litigation*, Nos. 24-5493, 24-5691, ---F.4th----, 2026 WL 3266788 (9th Cir. Oct. 30, 2026)

cc: Counsel of record (via ACMS)

## CERTIFICATE OF COMPLIANCE

**9th Cir. Case No.** 25-6858

I am the attorney or self-represented party.

The body of the foregoing letter contains 349 words.

I certify that this letter complies with the word limit of Federal Rule of Appellate Procedure 28(j).

**Signature** *s/ Sanford I. Weisburst* **Date** November 13, 2026