WILMERHALE

November 20, 2026

**Sonal N. Mehta**

+1 650 600 5051 (t)
+1 650 858 6100 (f)
sonal.mehta@wilmerhale.com

Molly Dwyer
Clerk of Court
U.S. Court of Appeals for the Ninth Circuit
James R. Browning Courthouse
95 Seventh Street
San Francisco, CA 94103

Re: *Klein, et al. v. Meta Platforms, Inc.*, No. 25-6858; Fed. R. App. P. 28(j) Response

Dear Ms. Dwyer:

*In re National Football League's "Sunday Ticket" Antitrust Litigation*, 2026 WL 3266788 (9th Cir. Oct. 30, 2026) ("*NFL*"), does not support appellants. It instead underscores the defect that rendered Dr. Economides's opinion inadmissible: the absence of real-world evidence to support his speculation that, in the but-for world, Meta would have made uniform payments to all users.

In *NFL*, plaintiffs proffered Dr. Rascher, an economist who "testified about the anticompetitive effects" of agreements restricting distribution of out-of-market telecasts. Slip op. 22-23. He "creat[ed] a but-for world based on a 'yardstick,'" meaning he "buil[t] [a] but-for world using data from a 'comparable business not affected by the anticompetitive conduct.'" *Id.* at 23. Rascher's but-for world was based on "telecasts of games between the Top 25 college football teams"—an approach the district court initially found admissible. *Id.*; *see id.* at 16-17. Post-trial, the district court changed its mind, finding "too many differences between college football and the NFL" for the former to be a yardstick and holding Rascher's testimony inadmissible. *Id.* at 25.

The Ninth Circuit reversed because Rascher "testified to several reasonable similarities between" the college-football and NFL broadcast markets. *Id.* at 26. And the NFL's own documents supported using college football as a yardstick: "the NFL itself considered distributing out-of-market games at no extra charge based, in part, on its own comparisons with college football." *Id.* at 25.

*NFL* underscores the absence of evidence to support Dr. Economides's testimony and why the district court was well within its discretion to exclude it. Far from offering *any* real-world yardstick to support his assertion that greater competition would lead Meta to make payments to all users, Economides admitted there was no such real-world analog. Economides had *no* evidence to support his conclusion that "Meta would be compelled to retain users by paying them, rather than through innovations in services and product quality." 1-ER-23-24. Because *NFL* reaffirmed the *Joiner* rule that, as here, "court[s] may conclude that there is simply too great an analytical gap between the data and the opinion proffered," slip op. 26, appellants gain no support.

Respectfully submitted,

*/s/ Sonal N. Mehta*

Sonal N. Mehta